UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JARDINE,<br><br>        Plaintiff,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 24-cv-01239-VC<br><br>**ORDER DENYING MOTION TO DISMISS THIRD CAUSE OF ACTION**<br><br>Re: Dkt. No. 11 |

      The motion to dismiss the elder abuse claim is denied. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

      1. Jardine alleges that Safeco violated their insurance contract by incorrectly denying coverage and depriving him of his policy benefits. He also alleges that Safeco did so in bad faith—for instance, by denying his insurance claim without fully investigating it first. Had Safeco done its due diligence, Jardine alleges, Safeco would have been aware of its harmful breach. Taken together, these sorts of allegations can sustain a claim for financial elder abuse. *See Paslay v. State Farm General Insurance Co.*, 248 Cal. App. 4th 639, 657–59 (2016).

      2. Safeco argues that the allegations in the complaint are too vague. But Safeco does not seem to dispute that the allegations satisfy the general pleading requirements of Civil Rule 8— that's presumably why Safeco did not move to dismiss Jardine's breach of contract and bad faith claims, which turn on the same set of allegations as his elder abuse claim. Safeco instead argues that elder abuse claims are subject to a special particularity requirement. That might be true in California state court, where California pleading standards govern. But federal courts have their

own pleading rules. By default, these rules do not require particularity to move past the pleading stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rule 9(b) is the exception, but it does not apply to Jardine's elder abuse claim, which is not based on alleged fraud or mistake. Because these rules are valid and answer the pleading issue, they control. *See Martin v. Pierce County*, 34 F.4th 1125, 1128, 1132 (9th Cir. 2022). And because the complaint satisfies these rules, the elder abuse claim can move forward.

**IT IS SO ORDERED.**

Dated: May 24, 2024

VINCE CHHABRIA
United States District Judge